**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| **ROBERT M. AMLING and DEBORAH AMLING,**    ) ) | |
|     ) | |
| **Plaintiffs,**    ) | |
|     ) | |
| **v.**    ) | **No. 3:18-cv-3108** |
|     ) | |
| **SCHLAGE LOCK CO., LLC,** ) **as alter ego of and/or** ) **successor-in-interest to** ) **HARROW INDUSTRIES, LLC;** ) **and HARROW INDUSTRIES, LLC,** ) | |
|     ) | |
| **Defendants.**    ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

In July 2018, Plaintiffs Robert M. Amling and Deborah
Amling filed a First Amended Complaint against Schlage Lock
Company, LLC (Schlage) and Harrow Industries LLC.  Plaintiffs
allege that Harrow Industries LLC is Schlage's alter ego or,
alternatively, that Schlage is successor-in-interest to Defendant
Harrow Industries LLC.  Plaintiffs seek a declaratory judgment that
the Asset Purchase Agreement between Harrow Products, Inc. and
Nexus Corporation did not effectuate a transfer of liability from

Schlage—as alter ego and/or successor-in-interest—to any other entity regarding the liability stemming from a pending state court lawsuit filed by Plaintiffs against Harrow Industries LLC.

In October 2018, Defendant Schlage moved to dismiss Plaintiffs' First Amended Complaint. This Court directed the parties to address whether Plaintiffs' case met the Article III case-or-controversy requirement. Having reviewed the parties' submissions, the Court DISMISSES this case without prejudice for lack of subject matter jurisdiction. Alternatively, even if jurisdiction existed, the Court, in its discretion, DECLINES to hear the declaratory judgment suit and dismisses the suit without prejudice because the declaratory judgment Plaintiffs seek would be immaterial if the state court finds no liability.

## I. BACKGROUND

### *The State Court Lawsuit*

In 2016, Plaintiffs filed a complaint in state court against several defendants, including Ingersoll-Rand Company, individually and as successor in interest to "Harrow Industries,

Inc."[1] and to Harrow Products, Inc. individually and as successor in interest to National Greenhouse Company. See Robert M. Amling and Deborah Amling v. Burnham, LLC et al., Madison County, Illinois, Case No. 2016-L-000111 (Underlying Lawsuit). Plaintiffs also named Nexus Corporation, individually and as successor in interest to National Greenhouse Company as a defendant. As is relevant to this case, Plaintiffs allege that Robert Amling was exposed to asbestos fibers beginning in 1965 and continuing to the present emanating from products designed, manufactured, sold, delivered, distributed, processed, applied, specified, or installed by National Greenhouse Company (among other defendants). Plaintiffs allege that Mr. Amling was diagnosed with asbestos-related cancer, including mesothelioma, on October 7, 2015.

### The First Declaratory Judgment Action

In October 2017, Harrow Industries LLC filed a declaratory judgment action against Nexus Corporation in this Court. See

---

[1] The state court complaint indicates that Plaintiffs sued "Harrow Industries, Inc." Plaintiffs herein allege that they sued Harrow Industries LLC in the state court lawsuit. Compl. ¶ 53 (alleging Plaintiffs sued Harrow Industries LLC); ¶ 42 (alleging that Harrow Products, Inc. is a division within the corporate structure of Harrow Industries LLC).

Harrow Industries LLC v. Nexus Corporation, Central District of

Illinois, Springfield Division, Case No. 17-3222 (hereinafter, "Case

No. 17-3222").  In that case, Harrow Industries LLC alleged that

Harrow Products, Inc. sold National Greenhouse Company to

Nexus Corporation pursuant to an Asset Purchase Agreement

dated November 14, 1990.  Case No. 17-3222, Compl. ¶¶ 9, 11, 12,

14 (d/e 1) (also alleging that Harrow Products, Inc. is a division

within Harrow Industries LLC's corporate structure).  The Asset

Purchase Agreement memorialized the sale of certain assets of

National Greenhouse Company from Harrow Products, Inc. to

Nexus Corporation.  Nexus also assumed certain defined liabilities,

including "all claims arising after the Closing date from events

occurring after the Closing date."   The Asset Purchase Agreement

reflects that it will be construed in accordance with Illinois law.

Agreement ¶ 13.12 (d/e 10-1).

Harrow Industries LLC sought a declaratory judgment that,

under the Asset Purchase Agreement, Nexus Corporation was

liable for all amounts expended—including defense costs—by

Harrow Industries LLC regarding National Greenhouse Company

Plaintiffs' state court case.  Harrow Industries LLC also alleged

that Nexus Corporation owed a contractual duty to defend and indemnify Harrow Industries LLC against any claims arising after the closing date of the Asset Purchase Agreement and breached the Agreement by failing to do so.

Nexus Corporation filed a Motion to Dismiss, asserting that Harrow Industries LLC sued the wrong Nexus Corporation. In February 2018, this Court granted Nexus Corporation's Motion to Dismiss, finding that Harrow Industries LLC did not plausibly allege that the named defendant Nexus Corporation was liable under the Asset Purchase Agreement. See Case No. 17-3222, Opinion at 10 (d/e 15). Colorado Secretary of State documents—of which this Court took judicial notice—showed that the defendant Nexus Corporation was not formed until February 8, 1994 while another entity called "Nexus Corporation" (Old Nexus) existed in 1990, changed its name to Leroy Greenhouse Corporation on January 12, 1994 and was administratively dissolved on September 30, 2004. The Court granted Harrow Industries LLC leave to conduct limited discovery on how National Greenhouse Company passed from Old Nexus to defendant Nexus Corporation. On June 8, 2018, Harrow Industries LLC moved to voluntarily

dismiss the case. This Court granted the motion on June 26, 2018.

In February 2018, while Case No. 17-3222 was still pending, the state court judge stayed the state case due to the pendency of Case No. 17-3222. The state court has not lifted the stay, even though Case No. 17-3222 has been dismissed.

***The Current Declaratory Judgment Action***

On May 5, 2018, Plaintiffs filed the lawsuit at issue herein against Harrow Industries LLC and Schlage as alter ego of and/or successor-in-interest to Harrow Industries LLC. In the First Amended Complaint, Plaintiffs allege that the Asset Purchase Agreement did not transfer any liability stemming from the allegations of the underlying state lawsuit to Nexus Corporation, the purchaser of the assets. Plaintiffs allege that Harrow Industries LLC is liable for any damages attributable to National Greenhouse Company in the underlying state lawsuit as the successor-in-interest to all debts and liabilities of Harrow Products, Inc. Plaintiffs further allege that Schlage is liable for any damages attributable to National Greenhouse Company in the underlying state lawsuit as the alter ego of and/or successor-in-

interest to Defendant Harrow Industries LLC.  Plaintiffs ask the

Court to enter judgment in their favor finding that:

> the Asset Purchase Agreement did not effectuate a
> transfer of liability from Schlage Lock Company LLC (as
> alter ego of and/or successor-in-interest to Harrow
> Industries LLC and Harrow Products, Inc.), to any other
> entity, as to any liabilities stemming from the allegations
> in Amling v. Harrow Industries, No. 16 L 111 in the
> Third Judicial Circuit, Madison County, Illinois.

Harrow Industries LLC filed an Answer to the First Amended

Complaint (d/e 13).  On October 1, 2018, Schlage filed a Motion to

Dismiss.  As noted, the Court directed the parties to address

whether this case meets the Article III case-or-controversy

requirement.[2]

## II. LEGAL STANDARD

A federal court is obligated to inquire into the existence of

jurisdiction sua sponte.  Evergreen Square of Cudahy v. Wis.

Hous. & Econ. Dev. Auth., 776 F.3d 463, 465 (7th Cir. 2015);

Fed. Civ. P. 12(h)(3) (providing that if a court determines at any

---

[2] On February 27, 2019, Plaintiffs filed a Motion for Partial Summary
Judgment, asking that the Court declare that the Asset Purchase Agreement
between Nexus and Harrow Products, Inc., a division of Defendant Harrow
Industries, LLC, left Harrow with the liabilities as to the claims asserted in the
Underlying Lawsuit.  See d/e 32.  Briefing on the Motion is stayed pending a
resolution of jurisdiction. See March 11, 2019 Text Order.

time that it lacks subject-matter jurisdiction, the court must dismiss the action). When considering a dismissal for lack of subject matter jurisdiction, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. Alicea-Hernandez v. Catholic Bishop of Chi., 320 F.3d 698, 701 (7th Cir. 2003). However, the plaintiff bears the burden of proving the jurisdictional requirements have been met. Ctr. For Dermatology & Skin Cancer Ltd. v. Burwell, 770 F.3d 586, 588 (7th Cir. 2014). "The court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists. Alicea-Hernandez, 320 F.3d at 701.

## III. ANALYSIS

The Declaratory Judgment Act provides that "[i]n a case of actual controversy . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. When determining whether a declaratory judgment action satisfies the case-or-controversy requirement, the question is

"whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Medimmune, Inc. v. Genetech, Inc., 549 U.S. 118, 127 (2007) (quoting Maryland Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)).

In their First Amended Complaint, Plaintiffs ask this Court to enter a declaratory judgment that the Asset Purchase Agreement did not transfer liability from Schlage (as alter ego of and/or successor in interest to Harrow Industries LLC and Harrow Products Inc.) to any other entity as to any liabilities stemming from the allegations in the Underlying Lawsuit. That is, Plaintiffs essentially seek a declaration that Schlage will be liable for any judgment in the Underlying Lawsuit for damages attributable to National Greenhouse Company.

Plaintiffs seek the interpretation of an Agreement to which they are not a party, and Plaintiffs do not allege that they are third party beneficiaries of the Agreement. (The Court also notes that the other party to the Agreement—Nexus Corporation—is not a party to this lawsuit, but that is likely because, as stated above, it

appears that the Nexus Corporation in existence in 1990 is now defunct). Plaintiffs, however, liken their case to those cases finding that a tort victim has an interest in the tortfeasor's insurance policy. See Pls. Mem. at 7 (d/e 33).

Even if the Asset Purchase Agreement could be equated to an insurance policy, a declaratory judgment seeking indemnification—as opposed to a duty to defend—is generally not ripe unless there has been a finding of liability in the underlying action. See Lear Corp. v. Johnson Elec. Holdings Ltd., 353 F.3d 580, 583 (7th Cir. 2003) ("We regularly say that decisions about indemnity should be postponed until the underlying liability has been established."); Nationwide Ins. v. Zavalis, 52 F.3d 689, 693 (7th Cir. 1995) (holding that "the duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit").

The general rule is not absolute, however. In Bankers Trust Co. v. Old Republic Ins. Co., 959 F.2d 677, 681 (7th Cir. 1992), the Seventh Circuit found an actual controversy with respect to the insurer's duty to indemnify even though the underlying litigation regarding the insured's liability was not resolved.

In Bankers Trust, the plaintiff lent money to a borrower in reliance on appraisals by Lee A. Kelling & Associates, Inc. (LKA). Id. at 679.  The borrower defaulted, and the plaintiff lost $30 million.  The plaintiff sued LKA in federal court, and that suit remained pending.  Id.  The defendant—LKA's insurer—also sued LKA in federal court, seeking to rescind the policy.  Id. at 679-680. The plaintiff thereafter filed the instant suit against the defendant seeking a declaration that, if the plaintiff wins a judgment in its suit against LKA, the defendant must indemnify LKA up to the limits of the policy.  Id. at 680.  Two months later, the defendant settled its suit with LKA, agreeing that the defendant would be liable on the policy only up to $425,000.  Id.

Recognizing the general rule that a suit to determine an insurer's obligations to indemnify is premature until the insured has been found liable, the Seventh Circuit nonetheless found jurisdiction.  Id.  The Court noted that Article III requires only a "probabilistic injury," which is a matter of degree, and does not mean that any probability of injury is enough.  Id. at 681. However, the Seventh Circuit found a real disagreement existed between the plaintiff and the defendant and the probability that

the plaintiff would win a judgment in excess of the policy limits

resulting from the settlement was not so slight that the plaintiff

had nothing practical at stake in the case. Id. at 681.  The Seventh

Circuit concluded that the plaintiff did not have to wait for a

judgment in plaintiff's state court suit against LKA to bring the

declaratory judgment action against the defendant.

Courts have described Bankers Trust described as a "rare

circumstance" when the Seventh Circuit deviated from the general

rule that decisions about indemnity should be postponed until the

underlying liability has been established.  See Westfield Ins. Co. v.

Sheehan Const. Co., Inc., 575 F. Supp. 2d 956, 960 (S.D. Ind.

2006) (noting the rare circumstances includes a sufficient

probability that the plaintiff will win a judgment governed by the

policy; a high amount of damages; the insured's inability to pay;

and no other insurance coverage for the potential liability).  Other

courts have interpreted the exception as applying when the

plaintiff's legally protected interest in a recovery is in jeopardy

before the underlying claim is resolved.  City of Chi. v. Arvinmeritor

Inc., No. 05 C 6738, 2006 WL 3431910, at *5 (N.D. Ill. Nov. 28,

2006).

In this case, Plaintiffs have not provided any basis for deviating from the general rule that a declaratory judgment seeking indemnification is not ripe until a finding of liability is made in the underlying action. Here, liability has not been established in the Underlying Lawsuit. Whether the state court will find that Mr. Amling was exposed to asbestos fibers from products designed, manufactured, sold, delivered, distributed, processed, applied, specified, and/or installed by National Greenhouse Company and for which Harrow Industries LLC is responsible is entirely speculative. See Molex Inc. v. Wyler, 334 F. Supp. 2d 1083, 1087-88 (N.D. Ill. 2004) (finding no basis to deviate from the general rule against issuing a declaratory judgment regarding the duty to indemnify before the underlying action is resolved). Therefore, the Court finds Plaintiffs have not shown a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

Moreover, even if this Court were to find jurisdiction, this Court has the discretion whether to grant declaratory relief. The Declaratory Judgment Act provides that a federal court "may declare the rights and other legal relations" of the parties. 28

U.S.C. § 2201 (emphasis added).   This language has long been interpreted as giving federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995).

The Supreme Court has not identified the exact criteria a court should use when deciding whether to stay or dismiss a declaratory judgment action, although the two leading cases involved situations where a parallel state court proceeding was pending.  See Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942) ("We do not now attempt a comprehensive enumeration of what in other cases may be revealed as relevant factors governing the exercise of the district court's discretion."); Wilton, 515 U.S. at 290 (noting that the Court was not attempting to "delineate the outer boundaries of that discretion in other cases, for example, cases raising issues of federal law or cases in which there are no parallel state proceedings").  When a parallel state court proceeding is pending, relevant factors include the scope of the state proceeding, whether the claims of all parties can be adjudicated in the state proceeding, the "'usefulness of the declaratory judgment remedy,'" and "'the fitness of the case for

resolution.'" Arnold v. KJD Real Estate, LLC, 752 F.3d 700, 707(7th Cir. 2014) (quoting Wilton, 515 U.S. at 289)). And, in any event, "[e]ven if there is no parallel proceeding, the district court still has discretion to decline to hear a declaratory judgment suit." Medical Assurance Co. v. Hellman, 610 F.3d 371, 379 (7th Cir. 2010).

Plaintiffs argue that this Court should not decline to exercise jurisdiction because this declaratory judgment action will not present factual questions that the state court has been asked to decide. Plaintiffs also argue that issues of comity, efficiency, and tactical gamesmanship weigh in favor of exercising jurisdiction. Defendants assert that the underlying state action will ultimately decide the liability of the parties and this Court should exercise its discretion and dismiss the action.

The Court finds, in its discretion, that dismissal is warranted. Whether the liabilities stemming from the Underlying Lawsuit remained with Schlage as alter ego of or successor-in-interest to Harrow Industries LLC and Harrow Products, Inc. will depend on the facts that will be decided in the Underlying Lawsuit—including when Mr. Amling was exposed to asbestos fibers attributable to

National Greenhouse Company.  Moreover, it would be a mistake

to consume judicial time to produce a decision that may be

irrelevant if the state court finds no liability on the part of National

Greenhouse Company and Harrow Industries LLC.  As stated in

Lear, 353 F.3d at 583:

> A declaration that A must indemnify B if X comes to
> pass has an advisory quality; and if the decision would
> not strictly be an advisory opinion (anathema under
> Article III) it could be a mistake because it would
> consume judicial time in order to produce a decision
> that may turn out to be irrelevant.

Therefore, even if this Court were to find Plaintiffs' claims ripe, the

Court would decline to issue a declaratory judgment in this case.

See, e.g., Daebo Int'l Shipping Co., Ltd. v. Americas Bulk Tranp.

Ltd., No. 12 Civ 7960, 2013 WL 2149595, at *3 (S.D. N.Y. May 17,

2013) (declining to exercise jurisdiction, finding that a judgment

that six entities were alter egos of Americas Bulk Transport, Ltd.

(ABT) was of no value to the plaintiff without a judgment that ABT

was liable, which the plaintiff had not yet obtained).

## IV.  CONCLUSION

For the reasons stated, this case is DISMISSED without

prejudice for lack of subject matter jurisdiction.  Alternatively, even

if jurisdiction existed, the Court, in its discretion, DECLINES to hear the declaratory judgment suit and dismisses the suit without prejudice.  All pending motion are DENIED AS MOOT.  This case is closed.

**ENTERED: April 22, 2019**

**FOR THE COURT:**

*s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**